NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**QUIN ADAM RICKEL,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-2432

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00341-RAH, Judge Richard A. Hertling.

---

Decided:  February 18, 2025

---

QUIN ADAM RICKEL, Rock Hill, SC, pro se.

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

---

Before DYK, CLEVENGER, and PROST, *Circuit Judges*.

PER CURIAM.

Quin A. Rickel appeals from the final decision of the United States Court of Federal Claims ("Claims Court") dismissing the first of his claims as barred by 28 U.S.C. § 2501, which limits the Claims Court's jurisdiction to claims filed within six years after the claim accrues, and granting the government's motion for judgment on the administrative record on his second claim. *See* Transcript of Oral Argument at 74, *Rickel v. United States*, No. 22-341C (Fed. Cl. Aug. 8, 2023) ("*Transcript*"). Mr. Rickel timely appeals the final judgment of the Claims Court, and we have jurisdiction over his appeal pursuant to 28 U.S.C. § 1295(a)(3). For the reasons set forth below, we affirm the final decision.

I

Mr. Rickel served honorably and with distinction in the United States Air Force for 13 years, 2 months and 14 days of active service. On February 17, 2005, his health was evaluated at a Medical Treatment Facility at Minot Air Force Base, North Dakota. He was then diagnosed with bipolar disorder and a second condition. As a result of the diagnoses, Mr. Rickel was referred to an Air Force Physical Evaluation Board ("PEB") for determination of whether his condition rendered him unfit for further service, and if so, the percent to which the service member is medically disabled. A disability rating of 30% or more qualifies a service member for disability retirement with its associated benefits, but a lesser disability rating requires the service member to be discharged with severance pay only. 10 U.S.C. §§ 1201—1203. In Mr. Rickel's case, the PEB credited him with 30% disability due to his bipolar disorder, but then reduced his rating to 10% due to the diagnosis of his second condition. The PEB accordingly recommended on April 15, 2005, that Mr. Rickel be discharged with severance pay. On June 7, 2005, the Air Force separated Mr. Rickel

honorably with severance pay and a 10% disability rating pursuant to 10 U.S.C. §§ 1203 and 1212.

Shortly after his separation, Mr. Rickel applied to the Department of Veterans Affairs ("VA") for veteran's benefits. The VA initially awarded him a 50% rating for bipolar disorder, effective June 8, 2005. Later, the VA increased the rating first to 70%, then to 100%, effective June 8, 2005.

While Mr. Rickel was in the process of seeking higher disability ratings at the VA, he filed a claim with the Air Force Board for Correction of Military Records ("AFBCMR") on July 27, 2011. Mr. Rickel contended that he should have been rated 50% disabled for bipolar disorder, citing the disability rating given by the VA for bipolar disorder, and alternatively that the diagnosis of his second condition was incorrect and thus should not have been used to reduce the otherwise applicable 30% disability rating for bipolar disorder. On December 2, 2013, the AFBCMR denied his claim, finding that the diagnosis of the second condition was not erroneous and noting that VA ratings do not compel equivalent Air Force disability ratings because each are separate federal agencies that operate under different laws and policies.

On June 29, 2017, Mr. Rickel made another attempt to review the initial 10% disability rating in 2005. Instead of returning to the AFBCMR, he sought review by the Physical Disability Board of Review ("PDBR"), an agency of the Department of Defense that reviews disability ratings made by each of the military services. He again argued that he was incorrectly diagnosed with his second condition in 2005, and thus he was entitled to military disability retirement based on the 30% disability rating for bipolar disorder.

The PDBR agreed with Mr. Rickel regarding the diagnosis of his second condition. Because that condition was not ratable or compensable under the applicable guidelines, the PDRB determined that the 30% disability rating

should not have been reduced on account of the second condition. The PDRB recommended that the discharge with severance pay determination be modified to reflect permanent disability retirement, effective the date of medical separation. The PDBR also considered whether the 30% disability rating for bipolar disorder in 2005 was correct. The PDBR agreed in part with Mr. Rickel regarding his request for increase in his disability rating for bipolar disorder. Because the law specifies in 10 U.S.C. § 1216(a) that the military utilize, to the extent feasible, the VA schedule for rating disabilities in determinations of military disability, the PDRB did so, and concluded that the extent of Mr. Rickel's disability as of his separation was 50% and recommended that Mr. Rickel's military records reflect disability at 50%.

On October 11, 2019, the Air Force Review Boards Agency accepted the PDBR's recommendation and ordered that Mr. Rickel's records be corrected accordingly. Mr. Rickel's military records were corrected to show the unfitness for duty determination rating at 50% for bipolar disorder, and to show that he "was not discharged on 7 June 2005, with entitlement to disability severance pay; rather on that date, he was released from active duty and on 8 June 2005, his name was placed on the permanent Disability Retired List."

II

On March 25, 2022, Mr. Rickel, acting pro se, filed a complaint in the Claims Court, which he amended on May 5, 2023, stating eight separate claims. During a hearing before the Claims Court, Mr. Rickel reduced his claims to two: first, that the diagnosis of his second condition in 2005, which disqualified him for disability retirement, was incorrect, and second, that the PDBR incorrectly denied his request for a 100% military disability rating by failing to match his military disability rating with his 100% VA disability rating. *See Transcript* at 45-48, 62.

During the hearing, the Claims Court focused first on Mr. Rickel's claim that his second condition was misdiagnosed at the time of his discharge in 2005. Referring to 28 U.S.C. § 2501, the Claims Court noted that it lacks jurisdiction over claims filed more than six years after the claim accrues, and that under *Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005), a claim for military disability retirement accrues when a board authorized to hear a claim issues a decision. *Transcript* at 63. In addition, the Claims Court, citing *Real v. United States*, 906 F.2d 1557, 1560 (Fed. Cir. 1990), noted that the statute of limitations is not tolled if a service member, after receiving a decision on his claim, later seeks relief from an Armed Services Correction Board. *Transcript* at 62-64. The Claims Court noted that the statute of limitations can be suspended on a showing that the government fraudulently concealed from the plaintiff facts relevant to the plaintiff knowing he has a claim, and noted further that there is no evidence in this case of such fraudulent concealment and that under *Joppy v. United States*, 646 Fed. App'x 998, 1001 (Fed. Cir. 2016), a misdiagnosis of a medical condition does not constitute fraudulent concealment. *Transcript* at 64-66. Because the PEB decision in 2005 gave rise to Mr. Rickel's claim of an incorrect diagnosis of his second condition, the Claims Court held that his claim accrued more than six years before the complaint was filed in 2022. Accordingly, the Claims Court dismissed Mr. Rickel's first claim. *Transcript* at 66-67.

Mr. Rickel's second claim alleged error by the PDBR in failing to give him the same 100% disability rating that he had been given by the VA. The Claims Court, citing 5 U.S.C. § 706, noted that as a challenge to an action by an administrative agency, Mr. Rickel's claim fails absent a showing that the PDRB 2019 determination was arbitrary, capricious or a violation of law. *Transcript* at 68. Mr. Rickel based his claim on 10 U.S.C. § 1216(a), which requires the Air Force to evaluate his disability using the

same table and same regulations used by the VA to evaluate the same disability. The Claims Court held that even though the military must use the VA's standards for evaluating medical conditions and degrees of disability, the military is not required to agree with a particular disability assessment made by the VA. *Transcript* at 69. The military assesses a service member's condition for fitness for duty and for appropriate compensation upon separation based on unfitness for duty, and the VA rates a veteran's ability to function in the civilian world. For this reason, VA ratings are not binding on the military. *See Sabree v. United States*, 90 Fed. Cl. 683, 695-96 (Cl. Ct. 2009) (citing *Chambers*, 417 F.3d at 1225). The Claims Court, upon review of the PDBR decision, found that the PDBR in fact had used the appropriate VA table and regulations in its analysis of the facts of Mr. Rickel's condition. The Claims Court determined that the 50% disability rating found on the facts by the PDRB was reasonable, and therefore not arbitrary, capricious or in violation of law. *Transcript* at 73. Accordingly, the Claims Court held that the government was entitled to judgment in its favor on Mr. Rickel's second claim.

## III

After careful review of the final decision by the Claims Court and the briefs filed by the parties, we discern no error by the Claims Court in its dismissal of the two claims Mr. Rickel chose to present to the Claims Court. Although Mr. Rickel's briefs make reference to the issues involved in the claims that he chose not to pursue before the Claims Court, we do not understand Mr. Rickel to contest that he withdrew many of his initial claims. Mr. Rickel does not otherwise present arguments that would undermine the application of the statute of limitations to his first claim, and he has not offered any basis to disturb the rationale of the Claims Court that defeated his second claim. The government's arguments in support of the final decision are compelling, and Mr. Rickel's attempt to overcome those

arguments is unavailing.  We therefore affirm the final judgment of the Claims Court in this case.

## AFFIRMED

### COSTS

No costs.